

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C. 20044-4403*

December 14, 2023

**VIA CM/ECF**

Lyle W. Cayce
United States Court of Appeals
 Fifth Circuit
Office of the Clerk
600 S. Maestri Place, Suite 115
New Orleans, Louisiana 70130-3408

>    Re:   *United States v. Paxton*, No. 23-50885—Plaintiff-Appellee United States'
>    Response to Intervenor-Appellants' Notice of Supplemental Authority under
>    Federal Rule of Appellate Procedure 28(j)

Dear Mr. Cayce:

     This letter responds to Intervenor-Appellants' Rule 28(j) letter discussing a recent Third Circuit stay of a district court order holding that officials violated the Materiality Provision by failing to count mail ballots where a voter did not date, or wrote an incorrect date on, the envelope used to return their ballot. Order, *Pennsylvania State Conf. of NAACP Branches v. Secretary Commonwealth of Pa.*, No. 23-3166 (3d Cir. Dec. 13, 2023). The two-judge motions panel explicitly advised that it did not "need" to conclude, and indeed "d[id] not conclude[,] . . . that the movants' likelihood of winning on appeal is more likely than not." *Id.* at 3.

     In their letter, intervenor-defendants speculate about the panel's "views" and what it "found" in its order. They say the panel found that movants "had at least 'a reasonable chance . . . of winning' on the merits" of their Materiality Provision arguments. Rule 28(j) letter 2 (alteration in original; citation omitted). But the panel said no such thing, expressly *refraining* from taking a position on the issue.

     Nor does the opinion cited by the panel, *In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015), support intervenor-defendants' conjecture. That opinion affirms the Third Circuit's "'sliding-scale' approach" to assessing stay requests, under which "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." *Id.* at 569 (alterations in original; citations omitted). Consequently, one cannot divine the panel's impression of the strength of intervenor-defendants' arguments based merely on its issuance of a stay, especially where the intervenor-defendants' motion alleged "multiple types of irreparable harm" and argued that "[t]he public interest overwhelmingly favors a stay." Rule 28(j) letter Ex. B 2-3.

      Intervenor-defendants also presume the panel "view[ed]" *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), *judgment vacated sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022) (mem.), "as nondispositive" on the Materiality Provision issue raised in the litigation. Rule 28(j) letter 2. As above, however, the panel said nothing about *Migliori*, one way or another.

      Sincerely,

Tovah R. Calderon
Principal Deputy Chief

s/ Jason Lee
Jason Lee
Attorney
Appellate Section
Civil Rights Division
(202) 598-1317
Jason.Lee2@usdoj.gov

cc: Counsel of Record (via CM/ECF)