IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 23-50885

UNITED STATES OF AMERICA; OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS,

Plaintiffs-Appellees

v.

KEN PAXTON, ATTORNEY GENERAL, STATE OF TEXAS; JANE NELSON, in her official capacity as Texas Secretary of State; STATE OF TEXAS; HARRIS COUNTY REPUBLICAN PARTY; DALLAS COUNTY REPUBLICAN PARTY; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, REPUBLICAN NATIONAL COMMITTEE,

Defendants-Appellants

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

_____

MOTION TO CLARIFY THE SCOPE AND CONTENT OF THE RECORD ON APPEAL

_____

Pursuant to Federal Rules of Appellate Procedure 10(e)(3) and 27, the United States respectfully asks this Court to clarify that the record in this appeal of the district court's order is limited to the summary-judgment record that was before the court and does not include any evidence or exhibits that were adduced at the

court's subsequent bench trial, which dealt with different claims. In support of this motion, the United States provides as follows:

    1. This appeal involves challenges under Section 101 of the Civil Rights Act of 1964 (also known as the "Materiality Provision") by the United States and a set of private plaintiffs to portions of Texas's Election Protection and Integrity Act of 2021, S.B. 1, 87th Leg., 2d Spec. Sess. (2021), more "commonly referred to as S.B. 1." Doc. 820, at 1; *see also* Doc. 131, at 16-17 (United States' amended complaint); Doc. 200, at 45-46 (private plaintiffs' second amended complaint).[1]

    2. On August 17, 2023, the district court granted summary judgment to the United States and the private plaintiffs on their Materiality Provision claims, holding that two parts of SB 1 violate the Provision. Doc. 724, at 6-7. The court later issued a memorandum opinion setting forth the reasoning for its order. *See* Doc. 820. On December 1, 2023, Texas, its Secretary of State, and its Attorney General appealed the court's summary-judgment ruling. Doc. 823. A group of Republican Party intervenors did so, as well. Doc. 827.

    3. Between its grant of summary judgment and memorandum opinion explaining that decision, the district court held a five-week-long bench trial on

---

[1] "Doc. __" refers to the docket number of documents filed in the district court.

separate challenges to SB 1 under other provisions of federal law.[2] *See* Docs. 772-773, 776-777, 780, 784-785, 787, 789-791, 793-797, 799, 803, 805, 808, 812, 814. The United States did not participate at trial because the court already had resolved the United States' Materiality Provision claim (Docs. 724, 820), and because other litigation had rendered moot the United States' sole additional challenge to SB 1 (*see* Doc. 131, at 16; Doc. 440; Doc. 447, at 23 n.10).

4. On December 20, 2023, the clerk's office for the Western District of Texas contacted this Court and requested a "30-60 day[]" extension of time in which to file the record on appeal, in light of the "voluminous exhibits" that had been admitted during the bench trial and that "need[ed] to [be] add[ed]" to the record. Motion to Extend Time to File Record on Appeal (Dec. 20, 2023). Later that day, this Court granted an extension through February 5, 2024. Clerk Order (Dec. 20, 2023).

5. The United States asks the Court to clarify that the record in this appeal is limited to the summary-judgment record that was before the district court and therefore excludes testimony and exhibits that were introduced at the subsequent

---

[2] These challenges arose under Sections 2 and 208 of the Voting Rights Act (52 U.S.C. 10301, 10508); Title II of the Americans with Disabilities Act (42 U.S.C. 12131-12165); Section 504 of the Rehabilitation Act (29 U.S.C. 794); and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution. Doc. 753, at 2 (Joint Pretrial Order).

bench trial. Under Federal Rule of Appellate Procedure 10(e)(3), this Court may confirm "the form and content of the record" on appeal.

6. Here, because appellants appealed the district court's summary-judgment ruling on the United States' and private plaintiffs' Materiality Provision claims (Docs. 724, 820), this Court's "inquiry is limited to the summary judgment record [that was] before the trial court." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 436 (5th Cir. 2014); *see also Tradewinds Env't Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 262 (5th Cir. 2009) (same); *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009) (same); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009) (same). The Court therefore should not "consider any evidence adduced at trial that was not part of the summary judgment records." *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1444 (5th Cir.), *amended on reh'g in part*, 905 F.2d 61 (5th Cir. 1990). *But see* Republican Party Appellants' Br. in Supp. of Defs.' Emergency Mot. to Stay 15 (Dec. 8, 2023) (citing the October 12 trial transcript). Indeed, such extra-record evidence would shed no light on whether the district court properly adjudicated the motions presented to it. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) ("In reviewing a grant of summary judgment to determine whether the law was applied correctly, this court only considers papers that were before the trial court.").

7. Plaintiffs-appellees consent to the United States' motion. State defendants-appellants and Republican Party intervenor-appellants oppose this motion.

WHEREFORE, the United States respectfully asks this Court to clarify that the record in this appeal is limited to the summary-judgment record that was before the district court and does not include any evidence or exhibits adduced at the district court's subsequent bench trial.

        Respectfully submitted,

        KRISTEN CLARKE
          Assistant Attorney General

        s/ Jason Lee
        TOVAH R. CALDERON
        JASON LEE
          Attorneys
          U.S. Department of Justice
          Civil Rights Division
          Appellate Section
          Ben Franklin Station
          P.O. Box 14403
          Washington, D.C. 20044-4403
          (202) 598-1317

**CERTIFICATE OF SERVICE**

On January 25, 2024, I filed this motion with the Clerk of the Court by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

                                                    s/ Jason Lee
                                                    JASON LEE
                                                       Attorney

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 845 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

s/ Jason Lee  
JASON LEE  
  Attorney

Date:  January 25, 2024