No. 23-50885

# In the United States Court of Appeals for the Fifth Circuit

United States of America, et al.,
*Plaintiffs-Appellees*,

*v.*

Warren Kenneth Paxton, et al.,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE DEFENDANTS-APPELLANTS' AND INTERVENORS-APPELLANTS' REPLY BRIEFS

In accordance with Federal Rules of Appellate Procedure 27 and Fifth Circuit Rule 31.4, Defendants-Appellants and Intervenors-Appellants file this Motion for a 21-day extension of time to file their respective reply briefs to and including Tuesday, September 24, 2024. In support thereof, Defendants-Appellants and Intervenors-Appellants respectfully show the Court as follows:

1. Defendants-Appellants' and Intervenors-Appellants' respective reply briefs are currently due September 3, 2024. Defendants-Appellants and Intervenors-Appellants seek a 21-day extension of this time, to and including September 24, 2024, in which to file their briefs. This is Defendants-Appellants' and Intervenors-Appellants' first request for an extension of time to file a reply, and it is unopposed.

2. This extension is necessary because Defendants-Appellants' counsel have numerous upcoming briefing and argument obligations that will require significant time and attention, including:

- Appellant's opening brief in *Paxton v. Annunciation House, Inc.*, No. 24-0573, due in the Supreme Court of Texas on September 23;

- Oral argument before the Supreme Court of Texas in *University of Texas v. Gatehouse Media Texas Holdings II, Inc.*, No. 23-0023, on October 1;

- Oral argument before the Supreme Court of Texas in *Port Arthur Community Action Network v. TCEQ*, No. 24-0116, on October 2; and

- Appellee's opening brief in *Texas v. ATF*, No. 24-10612, due in this Court on October 17.

3. Defendants-Appellants' counsel have also had preexisting briefing and argument obligations that have required significant time and attention, including:

- Brief in opposition to the petition for writ of certiorari in *National Press Photographers Association v. Higgins*, No. 23-1105, filed with the U.S. Supreme court on August 2;

- Reply brief in *Texas v. Department of Homeland Security*, No. 24-40160, filed with this Court on August 9;

- Reply brief in *Texas v. Harris County*, No. 14-24-00290-CV, filed with the Texas Court of Appeals for the Fourteenth Judicial District on August 12;

- Response to a petition for panel rehearing in *Dobbin Plantersville Water Supply Corp. v. Lake*, No. 23-50215, filed with this Court on August 19;

- Brief in opposition to the petition for writ of certiorari in *Nuclear Regulatory Commission v. Texas*, No. 23-1300, filed with the U.S. Supreme Court on August 21;

- Brief in opposition to the petition for writ of certiorari in *Becerra v. Texas*, No. 23-1076, filed with the U.S. Supreme Court on August 21; and

- Brief on the merits in *Paxton v. American Oversight*, No. 24-0162, filed with the Supreme Court of Texas on August 21.

4. This extension is also necessary because Intervenors-Appellants' counsel have numerous briefing and argument obligations that have required, and will require, significant time and attention. Those obligations include filing an appellate brief in *Minnesota Alliance for Retired Americans Educational Fund v. Simon*, Case No. A24-1170 (Minn. Ct. App.) on August 22, and filing an expedited appellate brief in *Genser v. Butler County Bd. of Elecs.*, Nos. 1074 CD 2024, 1085 CD 2024 (Pa. Commw. Ct.) on August 23. Moreover, since the Court's briefing schedule issued, Intervenors-Appellants' counsel presented oral argument in *Black Political Emp. Project v. Schmidt*, No. 283 M.D. 2024 (Pa. Commw. Ct.).

5. Granting the requested extension will promote judicial economy and advance the interests of the Court and the parties by ensuring that Defendants-Appellants' and Intervenors-Appellants' respective briefs remain due on the same day, and that Defendants-Appellants and Intervenors-Appellants may adequately respond to Plaintiffs-Appellees' over-long brief.

6. This extension is sought in the interest of justice, not for delay, and no party will be prejudiced if this request for an extension is granted.

7. For the foregoing reasons, Defendants-Appellants and Intervenors-Appellants respectfully request that the Court grant this Motion for a 21-day extension of time to file their briefs, making their briefs due on September 24, 2024.

Date: August 26, 2024

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General


Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Respectfully submitted.

AARON L. NIELSON
Solicitor General

LANORA C. PETTIT
Principal Deputy Solicitor General

/s/ Kateland R. Jackson
KATELAND R. JACKSON
Assistant Solicitor General
Kateland.Jackson@oag.texas.gov

Counsel for Defendants-Appellants

*/s/* John M. Gore
John M. Gore
(D.C. Bar No. 502057)
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

Counsel for Intervenors-Appellants

4

## Certificate of Conference

On August 26, 2024, counsel for Defendants-Appellants and counsel for Intervenors-Appellants conferred with counsel for Plaintiffs-Appellees. This extension is unopposed by all parties.

/s/ Kateland R. Jackson
Kateland R. Jackson

## Certificate of Service

On August 26, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Kateland R. Jackson
Kateland R. Jackson

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 609 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Kateland R. Jackson
Kateland R. Jackson